### JACOB ADAMS v. JOHN KEARNEY.

Pending an appeal from a judgment obtained in a justice's court in favor of the plaintiff, the defendant paid the judgment, without costs of appeal, to a son of the plaintiff, who was not shown to have had any authority to receive the payment. The judgment was afterwards affirmed by default—the defendant not appearing—and the plaintiff issued execution, directing a levy simply for the costs of appeal. *Held*, that an order at special term, setting aside the judgment and execution, was irregular and improper.

If a party who has appealed from a judgment relies upon a payment thereof as a reason for a stay of proceedings, he should appear and apply for an order accordingly, before judgment of affirmance is entered.

Whether an order for judgment on appeal at general term can, in any case, be set aside by an order of a single judge at special term; *quere?*

THIS was an appeal from an order at special term, setting aside a judgment and execution. The facts are sufficiently given in the opinion.

*Thomas S. Henry*, for the defendant.

*Ambrose L. Pinney*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—We are not able to discover, from the papers, the grounds upon which the order at special term was made. The plaintiff had recovered a judgment in the justice's court, from which the defendant appealed to this court. Pending the appeal, the defendant met the plaintiff's *son*, paid him the amount of the judgment below, took his receipt therefor, without payment of the costs on appeal; and the plaintiff's counsel having afterwards

obtained an affirmance of the judgment, with costs, and issued execution for such costs, the defendant applied to the special term, and obtained the order from which the present appeal is taken, setting aside the judgment of affirmance rendered by the general term, with all subsequent proceedings, &c.

Without considering, at present, how far it is proper or competent for a single judge, at special term, to set aside a judgment regularly taken at the general term, we are of opinion that the order appealed from was not warranted by the facts stated in the affidavits.

There was no proof that the plaintiff's son had any authority to receive the money for his father, or settle the judgment. There was no evidence that the plaintiff had received the money.

It was obvious that the payment was a trick on the part of the debtor to avoid paying the costs of the appeal.

If the defendant supposed that the alleged payment furnished any reason for staying the proceedings in this court on the appeal, he should have appeared and obtained the proper order before judgment of affirmance was entered.

We think the order below was improvidently granted, and it should be reversed, with ten dollars costs.

Order reversed.